JOHN J. RONDONI *vs.* PAUL D. SHERMAN.

FEBRUARY 17, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is a petition for declaratory relief, brought under public laws 1959, chapter 90, by the petitioner, a prisoner in the adult correctional institutions, against the respondent, assistant director for correctional services, praying that the superior court declare his legal relations under general laws 1956, §13-2-44. Upon examination of the petition and applicable statute, the superior court justice concluded that a question of doubt and importance existed which so affects the merits of the controversy that it ought to be determined by this court before further proceedings. Such question has been certified to us under the provisions of G. L. 1956, §9-24-26.

The record shows that petitioner was sentenced to three years at the men's reformatory for driving off a car without the consent of the owner; that subsequently he was sentenced to serve three years for escape, the latter sentence to run consecutively; that during the intervening period between the sentencings he was absent from the prison some six years and eleven months; that during this period the general assembly enacted P. L. 1955, chap. 3549, now G. L. 1956, §13-2-44, the "good time" law, which reads as follows:

"Time allowed for good behavior.—The warden shall keep a record of the conduct of each prisoner, and for

each month that a prisoner who has been sentenced to imprisonment for a year or more and not under sentence to imprisonment for life appears by such record to have faithfully observed all the rules and requirements of the institutions and not to have been subjected to discipline, there shall, with the consent of the director of the department of social welfare, upon the recommendation to him of the assistant director, be deducted from the term or terms of sentence of such prisoner the same number of days that there are years in the said term of his sentence; provided, that when the sentence is for a longer term than five (5) years, only five (5) days shall be deducted from one (1) month's good behavior; and, provided, further, that for every day a prisoner shall be shut up or otherwise disciplined for bad conduct, there shall be deducted one (1) day from the time he shall have gained for good conduct; and, provided, further, for each month that a prisoner who has been sentenced to imprisonment for a year or more and not under sentence to imprisonment for life who has faithfully engaged in institutional industries there shall, with the consent of the said director, upon the recommendation to him of the assistant director, be deducted from the term or terms of sentence of such prisoner an additional two (2) days a month. Said two (2) days a month shall be deducted, regardless of the length of the sentence of said prisoner."

The respondent proposes to allow for good time under this act three days per month on petitioner's current sentence, whereas petitioner contends that as he had a total of three years, six months and five days of unserved time upon his return to the adult correctional institutions he ought to be released eighty-four days sooner. It is agreed that petitioner has not been disciplined for bad conduct during the term of his service of sentences.

Based on these facts the superior court justice certified the following question for our determination: "Is the length of the term upon which computation of good time is to be made, under G. L. 1956, 13-2-44, to include the total of

consecutive sentences which have been imposed upon petitioner herein or is the word 'term' in said statute to be confined to the length of time being served under petitioner's last consecutive sentence?"

The attorney general, counsel for respondent in the latter's capacity as a public official, noting that G. L. 1956, §9-24-26, relates to the certification of questions arising in equity or cases following the course of equity, and further noting that the proceeding in which the question certified to us arose in a case at law, cites for our consideration *Spaulding* v. *Martin,* 66 R. I. 367, wherein it was held that cases at law cannot be properly certified to this court under the provisions of the section relating to cases in equity or cases following the course of equity. However, the attorney general does not urge that this court should decline to answer the question on this ground. He has argued the issue in keeping with his position as an officer of the court, cognizant that the certification is of questionable validity.

We are aware of and are in full accord with the rule as enunciated in the *Spaulding* case, but we are also mindful that if the question had been certified pursuant to the authority of §9-24-27, it would presumably be properly before us. It cannot be determined whether the trial justice purposed to rely on §9-24-26, or whether the reference thereto is a typographical error or other inadvertence. Whatever the reason, we deem it advisable in the circumstances peculiar to this case to assume that the question has been certified pursuant to §9-24-27, the relevant provisions of which are as follows:

"Whenever in any proceedings, civil or criminal, in the superior court or in any district court prior to the trial thereof on its merits, or upon a motion in arrest of judgment, any question of law shall arise, or the constitutionality of an act of the general assembly shall be brought in question upon the record, which in the opinion of the court, or in the opinion of the attorney-general, if the state be a party to such proceeding, is

of such doubt and importance, and so affects the merits of the controversy that it ought to be determined by the supreme court before further proceedings, the court in which the cause is pending shall certify such question or motion to the supreme court for that purpose and stay all further proceedings until the question is heard and determined * * *."

The petition for a declaratory judgment is a proceeding at law, but whether it is such a proceeding as was contemplated by the legislature may be open to question since there is no question of any trial on the merits. A close reading of the language employed suggests that the legislature may have intended to limit jurisdiction to those proceedings in which a trial on the merits of the case is inherent.

In the case at bar, however, the justice of the superior court, recognizing that the immediate liberty or unlawful imprisonment of plaintiff was the basic issue with which he was confronted, certified the question on his own volition in the apparent desire to see justice done as expeditiously as possible. This court is similarly concerned and therefore we are disposed to answer the question for the same reason.

Under the construction urged by petitioner, the determining multiple would be established by construing the total number of years to which a given prisoner was sentenced as a single term. In the instant case, where petitioner is serving two consecutive sentences of three years each, he would hold the "term" to be six years and therefore allow the maximum of five days per month for "good time."

The respondent, however, argues that the use of the word "term" in the statute when applied to consecutive sentences refers only to the last of the prisoner's consecutive sentences, in this case only three years, hence three days per month of good behavior should be allowed petitioner. Thus a discrepancy of two days per month resulting from the varying interpretations contended for by the parties is the

equivalent of the eighty-four days claimed by petitioner over the period of forty-two months. The petitioner reasons that respondent's position is erroneous in that it rests on the use of the singular word "term" and completely overlooks G. L. 1956, §43-3-4, which provides: "Singular and plural.—Every word importing the singular number only, may be construed to extend to and to include the plural number also; and every word importing the plural number only, may be construed to extend to and to embrace the singular number also." In our opinion this reference is without significance. It is a catchall to permit the construction of plural as singular, or vice versa, whenever it is necessary to do so. Such is not the case here.

It appears to us that under the plain wording of the statute neither construction is in accordance with the intendment thereof. In our judgment the legislative intent as expressed in the statute is to treat each individual sentence separately according to its own length or term. In the case of sentences for separate offenses where the court imposes a single punishment by reason of the fact that they are to be executed concurrently, there is in effect but one term to which the statute can apply, namely, the maximum sentence which must necessarily embrace all lesser sentences. On the other hand, where sentences are to be served consecutively, credit should be given, subject to the conditions in the statute, to each separate sentence according to its own term or duration.

We can find nothing in the language of this act which authorizes, much less requires, as petitioner contends, the assistant director for correctional services to consolidate for purposes of computation of "good time" separate sentences governed by terms which may be of varied or similar lengths merely because upon the completion of one sentence he must immediately commence serving the next. It is beyond dispute that each period of sentence prescribed under cumulative or consecutive sentences is legally separate and dis-

tinct from the other. The judicial records upon which such sentences are based are themselves separate and distinct. The offenses are different and the convictions and judgments are distinct. This language, as very clearly appears, is properly applicable only to a single sentence of imprisonment, namely, the term which the prisoner is serving during the period of his good conduct. It could not be referable to other successive terms under separate sentences because at any given time only one term is being served.

While cases from other jurisdictions on matters of statutory construction are not helpful when the statutes are not identical, we find the following reasoning on this subject as stated in *Ex Parte Clifton,* 145 Cal. 186, at page 189, pertinent to our own statute, "* * * in the absence of any language limiting or qualifying the use of the word 'term,' it must be given its legal significance, and, so given, each period of sentence prescribed under cumulative sentences is legally separate and distinct from the other * * *."

Nor can we find any justification for the contention of the respondent that the statute is inapplicable to all sentences to be served successively save the final one. Under such a theory a prisoner would be without this incentive to good behavior until he had completed the earliest terms assigned. Clearly this would to a great extent defeat the manifest purpose of the act and is contrary to its express provision "be deducted from the term or terms of sentence of such prisoner." We are of the opinion that the legislature intended to promote compliance and good conduct by the prisoner from the outset of his stay in prison. See 21 R.C.L. §28, p. 1192.

For the reasons stated, our answer to the question certified is that each sentence reduction is to be computed according to its own term. Accordingly the papers in the

case are ordered returned to the superior court for further proceedings.

*Pontarelli & Berberian, Aram K. Berberian,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Archie Smith,* Assistant Attorney General, for respondent.