JESSE SOUSA *vs.* HAROLD V. LANGLOIS, *Warden.*

JANUARY 22, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

POWERS, J. This is, in form, a petition for a declaratory judgment brought pursuant to the provisions of G. L. 1956, as amended by chap. 30 of title 9, and praying, in effect, that the petitioner be accorded the benefits of the "good time" provisions contained in P. L. 1960, chap. 112. It was heard by a superior court justice, who denied the petitioner's prayer on the grounds that the declaratory judgment statute is inapplicable to criminal matters, and, if applicable, the petitioner was not entitled to the benefits of chap. 112. It is before us on the petitioner's bill of exceptions, the sole exception being to said decision.

In *Newport Amusement Co.* v. *Maher*, 92 R. I. 51, 166 A.2d 216, we pointed out that the proper remedy for appellate review on a petition for a declaratory judgment was by claim of appeal and not by a bill of exceptions. Thereafter, on March 12, 1963, the superior court promulgated rule 98, which provides, inter alia: "For all procedural purposes, including appellate procedure, the distinction between law and equity in respect of petitions for declaratory judgment is abolished, and procedure including appellate procedure in respect of such petition shall follow the course of equity."

The instant petition was brought November 20, 1961, some eleven months after our decision in *Newport Amusement Co.* but approximately one year and a half before the promulgation of rule 98. For the reasons that his petition was brought a substantial period in time prior to the promulgation of rule 98, that petitioner is an inmate of the adult correctional institutions where he is serving several concurrent twenty-five year sentences for robbery, that he

has brought this petition as a vehicle to test his civil rights, that he has asked this court to consider his petition in substance rather than form, and that he is not presently represented here by counsel, we are disposed in the light of all these circumstances to consider his appeal without regard to the form in which it has been presented.

This is not to say, however, that we will not hereafter insist that the rules of proper pleading and procedure be observed. whether the matter be civil or criminal in nature.

It appears from the record that petitioner was sentenced on October 29, 1947 to serve twenty-five years on each of seven indictments for robbery, the sentences, however, to run concurrently. At the time sentence was imposed, G. L. 1938, chap. 55, §18, governed deductions from prisoners' sentences for good behavior. It provided in pertinent part that where the sentence imposed was for a period in excess of five years, a prisoner could earn a reduction of five days for each month of good behavior.

By the provisions of P. L. 1960, chap. 112, sec. 1, "good time" credits were increased from five to ten days for each month of good behavior where the sentence imposed was in excess of ten years. Section 2 provides: "This act shall take effect upon its passage and all acts and parts of acts inconsistent herewith are hereby repealed."

The petitioner contends that the language in sec. 2 demonstrates an intention by the legislature to make the amendment applicable to sentences imposed prior to the effective date thereof.

The superior court justice, holding that there is some question as to whether the declaratory judgment statute was applicable for the purpose of declaring rights, status, and other legal relations in criminal matters, and further that petitioner's contention that he was entitled to the benefits of said chap. 112 had been adversely decided by this court in *Opinion to the Governor*, 91 R. I. 187, refused to grant the relief for which petitioner prayed.

Whether in a proper case chap. 30 of title 9 is available in criminal matters, we need not inquire in the present proceeding. There is a dearth of decisional law which would be applicable to our statute, but assuming without deciding that, in a proper case, recourse might be had to the provisions of our law, the instant case clearly does not fall within such category. It is not the function of the declaratory judgment statute to grant affirmative relief. It serves merely to declare rights, status and other legal relations and such declarations, if made, conceivably may not, absent further proceedings, result in the effecting of affirmative relief. Indeed, §9-30-8 clearly contemplates that where the declaration, when made, does not result in achieving the purpose for which the petition was brought, supplementary proceedings are required and may be brought pursuant thereto.

Here, petitioner seeks to have the respondent warden of the adult correctional institutions refrain from denying to him the advantages of P. L. 1960, chap. 112. Stated affirmatively, petitioner prays that respondent be ordered or directed to compute petitioner's credit for good behavior on the basis of the provisions of that chapter. Such relief is not available to him under the provisions of the declaratory judgment statute. See *Gray* v. *Leeman,* 94 R. I. 451, 182 A.2d 119.

In any event, the trial justice was correct in holding that the method of computation set forth in the 1960 amendment, now G. L. 1956, §13-2-44, was not available to this petitioner for the reason that it was adopted subsequent in time to the imposition of the sentences to which petitioner would have the amendment applicable. In *Opinion to the Governor, supra,* this question was specifically considered and this court stated at page 189 that: "If chapter 112 was intended by the general assembly to have a retroactive effect and therefore apply to sentences imposed prior to May 6, 1960, the result would be tantamount to a revision of such sentences to an extent not authorized by law at the

time the sentences were imposed and thus would be an indirect legislative alteration of the judgments of the court."

We have carefully reconsidered our reasoning in said opinion and are not persuaded that the conclusion therein reached was erroneous.

It appears that petitioner filed both a "Petitioner's Brief" and a "Brief in Support of Petition." We have read both briefs and considered the cases called to our attention by him and find each distinguishable either on their facts or on the postures in which those cases arose, presenting altogether different issues. Hence, the language in the several cases on which he relies is of no assistance to him.

The petitioner's appeal is denied and dismissed, and the cause is remanded to the superior court for further proceedings.

*Jesse Sousa*, pro se.

*J. Joseph Nugent*, Attorney General, *Corinne P. Grande*, Special Counsel, for respondent.