Elvis **LEONARDO,**

v.

George A. **VOSE, Jr., et al.**

No. 95–280–Appeal.

Supreme Court of Rhode Island.

March 11, 1996.

Elvis Leonardo, for Plaintiff.

Anthony A. Cipriano, Cranston, Michael B. Grant, Pawtucket, for Defendants.

**OPINION**

PER CURIAM.

This matter came before the Supreme Court on January 26, 1996, pursuant to an order directing the applicant, Elvis Leonardo, to appear and show cause why his appeal should not be summarily decided. The applicant appeals, pro se, from a denial of his application for postconviction relief in the Superior Court.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown and that the appeal will be decided at this time.

The applicant was sentenced to twenty years at the Adult Correctional Institutions, ten years to serve and ten years suspended.

He sought review by way of the Administrative Procedures Act, G.L.1956 § 42–35–15, of a calculation by the Department of Corrections of his "good time" credit pursuant to G.L.1956 § 42–56–24, as amended by P.L. 1991, ch. 183, § 2.

A trial justice of the Superior Court heard the petition and determined that it should be treated as an application for postconviction relief. He granted the Department of Corrections a week in which to file a response to the application. When the Department of Corrections filed a memorandum in opposition to the Leonardo's application for postconviction relief, the trial justice treated respondent's objection as a motion for summary judgment and granted it. Accordingly the trial justice denied Leonardo's application and affirmed the computations of the Department of Corrections.

On appeal, applicant contends that Rule 80 of the Superior Court Rules of Civil Procedure provides the proper mode of review of a good-time calculation by the Department of Corrections. The applicant is mistaken.

 This court has previously directed that issues regarding the computation of good-time credit should properly be filed as an application for postconviction relief. *See* *McLean v. Vose,* No. 94–401–M.P. (R.I., order filed Dec. 21, 1994). A defendant is entitled to file an application for postconviction relief once his or her conviction is final. Although the statute does not specifically make final conviction a prerequisite, common sense dictates that an appeal of a defendant's conviction must be decided against the defendant before an application for postconviction relief can be considered. In this case, the applicant has appealed from his conviction. *See State v. Leonardo,* No. 95–55–C.A. If and when that appeal is denied, the applicant is free to seek postconviction relief under G.L.

1956 § 10–9.1–1. At this time, however, Leonardo's application for postconviction relief is premature. Consequently the trial justice was in error in treating Leonardo's petition as an application for postconviction relief.[1]

For the reasons stated, the applicant's appeal is denied and dismissed without prejudice to allow him to file an application for postconviction relief if and when his conviction becomes final. The papers of the case are remanded to the Superior Court.

---

1. The applicant was sentenced on April 8, 1994 to twenty years, ten years to serve and ten years suspended. He seeks to determine his release date prospectively. However, the Department of Corrections does not afford an inmate a certain amount of good-time credit based on an anticipated release date. Instead, the department merely informs an inmate that *if* he or she remains discipline-free, he or she will *earn* a certain number of days of good time and will be released on a date certain. Nonetheless, this projected good-time date is subject to change if the inmate is disciplined or incurs segregation time. Moreover, pursuant to G.L.1956 § 42–56–24, as amended by P.L.1991, ch. 183 § 2, the granting of credit for good time must be approved by the director of the Department of Corrections and, therefore, is not an entitlement that can be prospectively determined.