DECISION
Before the Court is a complaint for declaratory judgment and an administrative appeal from a residency determination made by the Commissioner of Education for the State of Rhode Island (Commissioner) and the East Providence School Department. The Commissioner determined that Charles M. Smith III and Maria Casimiro (collectively petitioners), and their two children, Charles M. Smith IV and Luiza Maria Smith (collectively children), reside in the City of Providence (Providence), and, thus, do not meet the residency requirement for the children to be enrolled in the East Providence school system as proscribed by R.I.G.L. § 16-64-1. The Commissioner ordered that the children "be disenrolled from the East Providence school system and enrolled in the public schools of Providence, where they reside." Jurisdiction is pursuant to R.I.G.L §§ 16-64-6 and 42-35-15.
 FACTS AND TRAVEL
The petitioners are the owners of two parcels of improved single-family residential real property. One parcel is located in Providence and situated on the corner of Blackstone Boulevard and Rochambeau Avenue (the Providence property). The other parcel is located in the City of East Providence (East Providence) and delineated as 228 Wilson Avenue (the East Providence property).
In September 1997, the petitioners enrolled the children in the East Providence school system, and then, in October 1997, purchased the East Providence property.
In September 1999, the Director of Attendance for the East Providence School Department (Director) investigated whether the petitioners maintained residency in East Providence as required by R.I.G.L. § 16-64-1. Following this investigation, the Director determined that the petitioners resided in Providence. The petitioners appealed this determination to the Commissioner. The Commissioner, pursuant to R.I.G.L § 16-64-6, held hearings on November 3 and 17, 1999, to determine whether the petitioners "resided" in East Providence as that term is defined within the context and purpose of the statute.
The petitioners presented to the Commissioner documentary evidence that they are the owners of the East Providence property, such asinter alia the deed, mortgage, and utility bills to the East Providence property, and their automobile registration and voter registration documents listing the East Providence address. The petitioners also presented the testimony of petitioner Maria Casimiro (Casimiro). Casimiro testified that the petitioners have been in the process of selling the Providence property, and are a "family in `transition'" from the Providence property to the East Providence property. Casimiro also testified that although the petitioners rented the East Providence property to "guests," the petitioners continued intermittently to "stay" or "live" at the East Providence property.
The East Providence School Department (Department) presented the testimony of the Director, who testified that he observed the Providence and East Providence properties approximately on thirty-nine separate occasions between September 29, 1999 and November 2, 1999, and that the observations illustrated the petitioners "exclusive use" of the Providence property "right up until the day before the hearing in this matter." The Department also presented the testimony of two neighbors to the East Providence property who testified, in essence, that they had not seen the petitioners "occupy" the East Providence property.
After considering the documentary and testimonial evidence presented by the parties, the Commissioner determined, in a written Decision dated February 2, 2000, that the "persuasive evidence . . . demonstrates that the [p]etitioners and their two children reside in . . . Providence." The Commissioner defined the term "reside" as "a factual place of abode, where one is physically living." The Commissioner concluded that the evidence presented by the petitioners, specifically the testimony of Casimiro that the petitioners reside at the East Providence property and that the Providence property was for sale, "was not credible" and contradictory. The Commissioner found that the petitioners "conduct the activities of their household from their Providence home, and sleep there most, if not all, of the time." The Commissioner also concluded that the petitioners' argument concerning "dual residences is simply not relevant to the facts of this case. Based on the credible evidence submitted at this hearing, the only residence of the [p]etitioners is Providence, Rhode Island."
 STANDARD OF REVIEW
The review of a decision of the Commissioner by this Court is controlled by R.I.G.L § 42-35-15(g), which provides for review of a contested agency decision:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by other error of law; (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact.Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988);Carmody v. R.I. Conflict of Interest Commission, 509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commissioner's decision. Newport Shipyard v. Rhode Island Commissionfor Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion.Id. at 897. (Quoting Caswell v. George Sherman Sand Gravel Co.,424 R.I. 646, 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency.Berberian v. Dept. of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. CoastalResources Management Council, 434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody v. R.I. Conflicts of InterestsCommission, 509 A.2d at 458. When more than one inference may be drawn from the record evidence, the Superior Court is precluded from substituting its judgment for that of the agency and must affirm the agency's decision unless the agency's findings in support of its decision are completely bereft of any competent evidentiary support.Rocha v. State Public Utilities Comm'n, 694 A.2d 722, 726 (R.I. 1997).
Additionally, a review of the petitioners' complaint for declaratory judgment is controlled by R.I.G.L. § 9-30-1 et seq., entitled Uniform Declaratory Judgments Act. Under the Uniform Declaratory Judgments Act, this Court "shall have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." R.I.G.L. § 9-30-1. The purpose of this Act "is to facilitate the termination of controversies." Fireman's Fund Ins. Co. v. E.W. Burman, Inc.,120 R.I. 841, 845, 391 A.2d 99, 101 (1978) (citations omitted). This Court may also grant further affirmative relief based on the declaratory judgment "whenever necessary or proper" provided subsequent "supplementary proceedings" are brought pursuant thereto. R.I.G.L. §§ 9-30-8 and 9-30-12; Sousa v. Langlois, 97 R.I. 196,196 A.2d 838 (1964). However, the Court, pursuant to R.I.G.L. §9-30-6, "may refuse to render or enter a declaratory judgment or decree where the judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."
 ANALYSIS
It is a well-recognized principle of this Court to accord deference to an administrative agency when it interprets a statute whose administration and enforcement has been entrusted to the agency.Pawtucket Power Assoc. Ltd. Partner. v. City of Pawtucket,622 A.2d 452, 456 (R.I. 1993). Deference is accorded even when the agency's interpretation is not the only permissible interpretation that could be applied. Id. at 456-57. The Rhode Island Supreme Court has stated that residence does not possess a fixed legal definition, but "must be interpreted according to the context and the purpose of the statute in which it is found." Flather v. Norberg,119 R.I. 276, 281, 377 A.2d 225 (1977). The criteria for residency of children for school purposes is set forth in R.I.G.L. § 16-46-1
which provides, in pertinent part, that "[e]xcept as otherwise provided by law or by agreement, a child shall be enrolled in the school system of the town wherein he or she resides. A child shall be deemed to be a resident of the town where his or her parents reside. . . ." The Commissioner defined the term "reside" as "a factual place of abode, where one is physically living." This definition is consistent with the definition of the term "residency," which is defined as the "fact or condition of living in a given place," and the definition of the term "residence," which is defined as "bodily presence as an inhabitant in a given place."
See Black's Law Dictionary, 1310-1311 (7th Ed. 1999). The Commissioner's stated definition of the term "reside" as used within the context and purpose of the statute is proper, within the Commissioner's statutory authority, and not an error of law.
Moreover, this Court finds that the Commissioner's factual findings were based upon the reliable, probative, and substantial competent evidence presented during the hearings. The Commissioner's findings that the petitioners do not reside in East Providence but rather reside in Providence were based upon evidence generated by the Director's investigation into this matter and his numerous observations of the Providence property and the East Providence property, and the testimony of the neighbors to the East Providence property. The Commissioner also dismissed the petitioners "family in transition" argument and "maintenance of dual residences" argument based, in part, on the lack of evidence illustrating that the petitioners resided in the East Providence property, and on the factual inconsistencies and lack of credibility in the testimony of Casimiro. After a review of the record, this Court finds that the foregoing evidence substantially supports the Commissioner's conclusion that the petitioners reside in Providence and do not reside in East Providence. The petitioners also rely on a Decision by the Commissioner dated June 26, 2000, entitled "Residency of Student D. R. Doe," (D. R. Doe Decision) to support the argument of "dual residency." The petitioners' reliance on this Decision is misplaced. The D. R. Doe Decision is legally and factually distinguished from the allegations in the petitioners' complaint, from the findings made by the Commissioner, and from the arguments made by the petitioners to this Court. The Commissioner in the D. R. Doe Decision interpreted the meaning of the term "actual custody" as that term is applied in R.I.G.L. § 16-64-1 and did not interpret the meaning of the term "resides" as in the petitioners' case.
The Commissioner construed the term "actual custody" to recognize "the actual fact that both parents may be exercising actual custody over their child despite the fact that they are living in different communities." In the D. R. Doe Decision one parent "was living" in the Town of Cumberland and the other parent "was living" in the City of Pawtucket. However, in the case at bar the Commissioner determined that the petitioners lived or "resided" only in one community — Providence.
 CONCLUSION
For the aforementioned reasons, this Court holds that the Commissioner's finding that the petitioners reside in Providence and do not reside in East Providence for school enrollment purposes is supported by reliable, probative and substantial competent evidence in the record and that the petitioners' and children's rights have not been prejudiced. Furthermore, the Commissioner neither exceeded his authority nor erred as a matter of law in applying the stated definition of the term "reside" to the facts presented in this case. Accordingly, the Commissioner's decision is hereby affirmed.
Moreover, for the above stated reasons, the Court will not entertain the petitioners' complaint for declaratory judgment. The Court's determination concerning the petitioners' administrative appeal has resolved the uncertainty and controversy surrounding the Commissioner's interpretation of the term "resides" as used within the context and purpose of the statute and as applied to the facts of the petitioners' case.
Counsel for the prevailing party shall prepare an appropriate order and judgment for entry to be settled on notice to the petitioners' counsel.