**Edson TORO**

v.

**A.T. WALL et al.**

**No. 2005–268–M.P.**

Supreme Court of Rhode Island.

June 14, 2007.

Edson Toro.

Kathleen M. Kelly.

### O R D E R

The calculation of a prisoner's good-time credit is the only issue in this appeal. The *Rhode Island Department of Corrections* (DOC) and its director, A.T. Wall, appeal from a Superior Court order requiring them to recalculate the good-behavior credit that had accrued to the plaintiff Edson Toro while he served time for a felony assault conviction and subsequent probation violation. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided. After reviewing the parties' memoranda and considering their oral arguments, we conclude that the appeal may be decided at this time without the necessity of further briefing or argument. For the reasons set forth in this opinion, we conclude that events that occurred after this appeal was filed have rendered moot the issue now before us.

The case of Edson Toro has an unusual and complex procedural history. We recount here only those aspects pertinent to this appeal. On November 20, 1994, while detained at the Intake Service Center of the Adult Correctional Institutions (ACI), Toro was charged with felony assault. On May 7, 1997, he pled *nolo contendere* to that charge and received a sentence of fifteen years, with five years to serve and ten years suspended, subject to probation. The sentence was made retroactive to September 19, 1995. Scarcely more than a month after his plea, on June 16, 1997, Toro murdered Luis Rivera in the ACI's maximum security facility. The most immediate legal consequence of that act came in the form of a probation-violation hearing under Rule 32(f) of the Superior Court Rules of Criminal Procedure. On September 24, 1997, a hearing justice determined that Toro had violated the terms of his probation, and he imposed in full the ten-year suspended sentence from Toro's assault conviction. Toro proceeded to trial on the underlying murder charge and, in April 2001, he was sentenced to life in prison, after a jury found him guilty of first-degree murder.

While Toro's appeal of his murder conviction was pending in the Supreme Court, the case was remanded to the Superior Court for purposes of filing a motion for a new trial. Toro was successful in this endeavor and, on June 30, 2004, his motion was granted based upon the state's failure to comply fully with pretrial discovery under Rule 16 of the Superior Court Rules of Criminal Procedure. Toro also took action on a second front, seeking to reduce the ten-year sentence that he had received for violating his probation on the felony assault conviction. The hearing justice granted his *pro se* motion and, on March 10, 2005, a judgment of conviction was entered modifying his ten-year sentence to

seven years to serve, with three years suspended. That reduction engendered the controversy that became the crux of the instant appeal.

General Laws 1956 § 42–56–24 allows prisoners to receive credit for each month that they serve in prison without running afoul of the rules of the institution. Under the statute, the director of the DOC has the discretion to deduct up to ten days from a prisoner's term for each month that he or she observes good behavior. *Id.* The maximum monthly credit a prisoner may amass each month is a function of the duration of his or her stay: each month a prisoner may earn "the same number of days that there are years in the term of his or her sentence." Section 42–56–24(a). To earn credit, a prisoner must be serving a sentence of at least six months, and the deduction for good behavior that a prisoner who is serving a sentence in excess of ten years may earn is capped at ten days per month. *Id.*

In Toro's case, when the DOC administrators recalculated his release date on his assault conviction to take into consideration the time added to his sentence as a result of his probation violation, they initially credited him with ten days per month for each month after the 1997 violation hearing. On August 1, 2005, the DOC provided Toro with a computer printout indicating that his release date was that very day. Less than one hour later, however, Toro received a second printout in which his credit for good behavior had been recalculated, thereby postponing his release date to February 10, 2006. The DOC determined that because the addition of seven years to Toro's term of incarcera-

tion was a consequence of his probation violation, for the purpose of calculating his good-time credit that seven years neither merged with nor ran consecutively to his original five-year sentence. Accordingly, the DOC subtracted three days per month from Toro's accumulated stock of good-time credit retroactive to March 31, 2000, which was the date Toro had begun serving the portion of his sentence attributable to the violation. On August 1, 2005, therefore, instead of walking out the door,[1] Toro stepped into another six months of incarceration.

Mr. Toro filed a *pro se* motion in Superior Court seeking reinstatement of the good-time credit that had been rescinded by the DOC's eleventh-hour recalculation. Toro argued that the five-year prison term he originally had received on his 1997 assault conviction and his subsequent violation sentence should be treated as consecutive sentences. Under § 42–56–24(b)[2] and *Gomes v. Wall,* 831 A.2d 817, 823 (R.I. 2003), Toro insisted, his consecutive sentences should have been treated as a whole sentence when the DOC calculated his good-time credit, so that from the moment his probation had been revoked and the additional ten years were imposed, he had been entitled to receive ten days of credit for each month of good behavior. The subsequent reduction of his time to serve on the probation violation, according to Toro, only reduced his aggregate sentence from fifteen years to twelve and should have had no effect on his eligibility for the maximum monthly good-time credit.

In Superior Court on September 29, 2005, a hearing justice granted Toro's mo-

---

1. The record indicates that on November 12, 2004, bail had been set on the murder charge at $50,000 with surety, or 10 percent cash.

2. General Laws 1956 § 42–56–24(b) reads as follows:

"For the purposes of computing the number of days to be deducted for good behavior, consecutive sentences shall be counted as a whole sentence."

tion and ordered the DOC to recalculate his good-behavior credit, ruling that the five years to serve that Toro's assault conviction carried and the seven years to serve that arose from his subsequent probation violation were analogous to two consecutive sentences. The hearing justice reasoned that since the time of his violation hearing in 1997, Toro "has never been under a sentence \* \* \* that required him to serve less than twelve years."

Unsure of whether the hearing justice's ruling was based on a postconviction-relief determination or an injunctive relief and declaratory-judgment decision, the DOC filed both a notice of appeal and a petition for writ of certiorari. Regardless of whether the issue should be before this Court on appeal or certiorari, however, we conclude that it is moot. "This Court has consistently held that a case is moot if the original complaint raised a justiciable controversy, but events occurring after the filing have deprived the litigant of a continuing stake in the controversy." *Tanner v. Town Council of East Greenwich*, 880 A.2d 784, 794 (R.I.2005) (quoting *Cicilline v. Almond*, 809 A.2d 1101, 1105 (R.I.2002)). In this case, on November 7, 2005, Toro pled *nolo contendere* to second-degree murder, and he received a sentence of fifty years, with twenty-eight years to serve and the other twenty-two years suspended, with probation. Significantly, the sentence was made retroactive to June 16, 1997, the date of the murder. The DOC has acknowledged that after the instant appeal was filed, the Records and Identification Unit of the ACI has credited Toro with ten days of good behavior time per month— the maximum allowable under § 42–56–24—from June 1997 onward.

It may be something of a Pyrrhic victory, but the implementation of a twenty-eight-year jail term, retroactive to June 1997 has provided Toro with even more good-time credit than he originally sought in August 2005. Likewise, since the time the DOC filed its appeal, the department has, of its own accord, bestowed upon Toro more retroactive good-time credit than its appeal sought to remove, thereby rendering moot the instant appeal. Because the computation of good-time credit under § 42–56–24 implicates neither a constitutional right, nor a matter of extreme public importance, nor an issue that is likely to recur in such a way as to evade judicial review, our determination that the appeal is moot brings our review of this case to a close. *See Cicilline*, 809 A.2d at 1105–06.