### Zaccaria Nardi *vs.* City of Providence *et al.*
#### JULY 17, 1959.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

438

440

PAOLINO, J. This is a bill in equity wherein the complainant challenges the constitutionality of the zoning ordinance of the city of Providence in its entirety and prays that a declaratory decree be entered declaring said ordinance to be null and void in so far as it relates to his property and that the inspector of buildings be permanently enjoined from enforcing the provisions thereof. After a hearing in the superior court on bill, answer, replication and proof, the trial justice entered a decree denying and dismissing the bill on the ground that the complainant had not exhausted the administrative remedies available to him under the ordinance and was not therefore entitled to equitable relief. From such decree the complainant has appealed to this court.

The complainant's property is located on the southerly side of Chalkstone avenue and is designated as 902-904 Chalkstone avenue. The land is a deep, pencil-shaped area containing approximately 23,890 square feet, has a frontage of approximately 75 feet, and a depth of approximately 317 feet extending southerly. A three-family house is located on the northerly 4,000 square feet immediately adjacent to Chalkstone avenue. In the rear of the house is a large yard containing about 19,650 square feet of vacant land. The complainant has owned the property since August 1, 1925 and has lived there since 1931 or 1932.

The bill alleges that the city of Providence enacted its original comprehensive zoning ordinance on June 6, 1923; that such ordinance placed both sides of Chalkstone ave-

nue from a point about 160 feet easterly of the easterly boundary line of complainant's property to a point approximately four-tenths of a mile westerly from the westerly boundary thereof in a business use district; that complainant's property was placed in such district for a distance of 300 feet southerly from the southerly boundary line of Chalkstone avenue; that his property remained in said business use district from June 6, 1923 to September 21, 1951; that on September 21, 1951 the city repealed its original comprehensive zoning ordinance by enacting chapter 544; that under the provisions of chap. 544 the business use district was subdivided into five classes of use zones; and that complainant's property was thereby reclassified from a business use district to an R-3 general residence zone.

The bill further alleges the city did not give complainant a written notice by mail of the hearing on the proposed new comprehensive zoning ordinance and that therefore such ordinance is null and void and of no effect in so far as it relates to his property; that from June 6, 1923 to September 21, 1951, there was no change in the uses of the properties within the confines of the business use district which would warrant the reclassification of complainant's property from a business use district to an R-3 general residence zone; and that by September 21, 1951 the business use district in which complainant's property was situated had already fully established its business character.

The bill further alleges that the change of zone of complainant's property has rendered approximately 20,000 square feet of his land practically worthless; that it has caused a cloud to arise upon the title to his property in respect to the use that he might make thereof; that chap. 544 was unreasonable, arbitrary, oppressive, discriminatory and in violation of general laws 1938, chap. 342, §1, in so far as it reclassified complainant's property from a business use district to a residential zone; that such reclassi-

fication was an unlawful taking of a vested interest of complainant in the property on Chalkstone avenue in violation of sec. 16, article I of the state constitution and of the due process and equal protection clauses of the fourteenth amendment to the constitution of the United States; that in December 1953 and March 1956 complainant petitioned the city council to reclassify his property from a residential use zone to a business use zone; that both petitions were denied; that the respondent city, by virtue of chap. 544, was interfering with and depriving complainant of the full, proper and reasonable use of his property; that unless said ordinance was declared null and void and of no effect in its application to his property, and unless the respondent inspector of buildings was enjoined from enforcing its provisions in so far as chap. 544 applied to said property, complainant would suffer great and irreparable damage; and finally that he had no remedy at law and that his only remedy was in equity.

In its answer the respondent city admitted that it had repealed the original comprehensive zoning ordinance by enacting and publishing chap. 544. It denied that it was required to give written notification by mail of the hearing on the proposed new comprehensive zoning ordinance and alleged that it gave proper notice by publication thereof. It further admitted that the city council had twice denied petitions by complainant to reclassify his property and that the inspector of buildings was a necessary and indispensable party respondent. It also alleged that complainant had a complete and adequate remedy at law, and in substance denied all the other allegations of the bill or left complainant to his proof. The complainant thereupon filed a replication in which he joined issue with respondents.

The complainant presented evidence relating to the character of the area surrounding his property. He testified that he had purchased the property in 1925 for speculation but because of his large family was forced to use it for a

home; that he has owned the property ever since; that he did not receive a written notification by mail prior to the public hearing which was held on the matter of the enactment of chap. 544; that he first found out that his property was rezoned in 1953 when a party was interested in it; that he thereupon sought to have it rezoned without success; that he has received no more offers because the offer of 1953 was conditioned upon his property being classified for business; and that he cannot sell his property for a house without losing "a lot of money." He also presented testimony describing the property with respect to the area and dimensions thereof and its relation to the surrounding properties.

Two real estate experts testified for complainant. Their testimony was in substance that the market value of his property devaluated substantially immediately after the new zoning ordinance went into effect; that the large area of the property distinguished it from other properties in the neighborhood; that the cost of constructing additional dwelling units on his property would be prohibitive; that to use the property for commercial uses would not depreciate other property in the area; and that the change in zoning of complainant's property was not reasonable.

At the conclusion of complainant's case in chief respondents moved to dismiss the bill of complaint on the ground that he had failed to make out a prima facie case. This motion was denied. The respondents presented the testimony of Frank H. Malley, director of the city plan commission, and Favel Shurtleff, who qualified as an expert on zoning. Their testimony was in substance to the effect that the rezoning of complainant's property was reasonable and that it was based on the experience acquired by the city under the original zoning ordinance of 1923.

After the hearing the trial justice entered a decree finding that in adopting chap. 544 the city had complied with §2 of chap. 342 of G. L. 1938; that complainant failed to

exhaust his administrative remedies as provided in said chap. 342, and chap. 544 of the zoning ordinance and therefore was precluded from seeking a declaratory decree adjudging chap. 544 invalid as it related to complainant's property; that such property, because of its size, shape and location, may be the subject of administrative relief before the zoning board of review; that the requirement that complainant seek administrative relief is not a bar to a subsequent attack upon the constitutionality of said chap. 544, if relief is denied to him; and that the requirement imposed by article X, sec. 102 of chap. 544, that a petitioner for an exception or variance pay a filing fee of $10, is valid. On the basis of such findings a decree was entered denying and dismissing the bill of complaint.

The complainant has filed ten reasons of appeal. Under reasons 1 to 8 inclusive he contends in substance that the decree is against the law, the evidence and the weight thereof. The reasons of appeal numbered 9 and 10 relate to evidentiary rulings. The complainant admits the constitutionality of the enabling act, G. L. 1938, chap. 342. However, under his first eight reasons of appeal he contends in substance that the reclassification of his property under the 1951 zoning ordinance was not a valid exercise of the authority delegated to the city under the enabling act and was in violation of his constitutional rights in so far as said ordinance purports to apply to his property.

He bases such contention principally upon the following grounds: That the city has no authority to charge a filing fee for petitions for rezoning or for applications for exceptions or variances; that he had not received proper notice of the hearing on the proposed new comprehensive zoning ordinance; that such ordinance, in so far as it applies to complainant's property, is an unreasonable, arbitrary, oppressive and discriminatory exercise of the police powers and is inconsistent with sec. 1 of the enabling act, now G. L. 1956, §§45-24-1, 2 and 3; that it constitutes a taking of a

portion of his property without due process of law and causes a cloud on his title with respect to the use that he may make thereof; that under the provisions of such ordinance he can make no beneficial use of the vacant portion of his land; that the city has no authority in law to divide the city into zones; that the rezoning of said business district was made in total disregard of the character thereof and constitutes zoning on a miniature scale; and that said reclassification of his property caused a substantial decrease in the value thereof.

The complainant also contends that there is no evidence in the record of a mistake in the original comprehensive zoning ordinance nor of any change of conditions within said business district warranting such reclassification of his property. On the basis of these contentions he argues that the trial justice erred in refusing to pass upon the constitutionality of the new comprehensive zoning ordinance and to grant the relief prayed for.

After careful consideration we are of the opinion that the principal issue for determination is whether the trial justice erred in refusing to pass upon the constitutionality of said ordinance in so far as it applies to complainant's property. However, before doing so we shall discuss certain other questions raised by complainant which require our consideration.

There is no merit in complainant's contention that the city has no authority in law to divide the city into zones. The history of zoning in this country clearly indicates that the words "zones" and "districts" have been used interchangeably and have the same meaning in zoning law. Nor is there any merit in the contention that the ordinance in question constitutes zoning on a miniature scale. It is undisputed that chap. 544 is a new comprehensive zoning ordinance covering the entire city. The complainant's contention that such reclassification caused a substantial decrease in the value of his property is no basis for declaring

the ordinance invalid if it is otherwise constitutional. 1 Yokley on Zoning Laws and Practice (2d ed.) §35, p. 58. In our opinion the question of whether there was a mistake in the original comprehensive zoning ordinance of 1923 or whether there has been a change of conditions since the enactment of the 1923 ordinance is not relevant in the circumstances of this case.

We have carefully considered complainant's contention that the ordinance, in so far as it applies to his property, deprives him of constitutional rights because he did not receive written notification by mail of the hearing on the proposed new ordinance. There is no merit in this contention since neither the enabling act nor the zoning ordinance requires the giving of such notice. The fact that the city may voluntarily have given such notice in instances involving specific amendments to the zoning ordinance at other times is no basis for holding that it is required to do that which it is not compelled to do by the enabling act or the ordinance. Under G. L. 1938, chap. 342, §2, now G. L. 1956, §§45-24-4 and 5, the only notice required to be given by a municipality in enacting, amending or repealing a zoning ordinance is notice by publication. After carefully examining the record we are satisfied that the city complied strictly with the provisions of the enabling act with regard to notice and that the notice given by publication was proper. The city did all it was required to do under such act. See *R. I. Home Builders, Inc.* v. *Budlong Rose Co.*, 77 R. I. 147, 152.

We now come to the question of whether the trial justice erred in refusing to pass upon the constitutionality of chap. 544 as it applied to complainant's property. It is clear that under G. L. 1956, §45-24-11, complainant had no vested right to the classification in which his property was placed by the 1923 ordinance. It is also clear that complainant can use his property for all the uses permitted by the 1951 ordinance in an R-3 residence zone. Until he has

made application for a variance as provided by the ordinance there is no merit in complainant's contention that he has been deprived of all beneficial use of his property. The complainant readily concedes that in determining the validity of a zoning ordinance each case must be decided upon its own facts. It may be that the complainant would enjoy a *more* profitable use of his property if it were devoted to commercial or business uses. However, it is well settled that the validity of a zoning ordinance as applied to a specific piece of property is not determined by the fact that one use may be more profitable than another, if the ordinance is otherwise valid. The true test is whether the ordinance deprives one of all beneficial use of his property. If such were the case here and no relief could be had from the ordinance, it would clearly constitute a taking of property without due process.

It is now well settled that a zoning ordinance may be valid in its general scope and yet be arbitrary and unreasonable in its application to specific property. Conceivably, because of the size, shape and location of complainant's property, the instant ordinance, if literally enforced, would be an unreasonable and arbitrary application thereof and therefore would deprive complainant of all beneficial use of his property.

But §8 of the enabling act and art. IX, sec. 92 of the ordinance provide for the granting of special exceptions and variances in appropriate cases. The complainant under such act could apply to the zoning board for a variance. See *Harrison* v. *Zoning Board of Review*, 74 R. I. 135. If relief were denied to him he could thereafter attack in an independent proceeding the constitutionality of the ordinance as thus applied. *Heffernan* v. *Zoning Board of Review*, 49 R. I. 283.

It is clear from the foregoing that complainant has an adequate administrative remedy. The question of the validity of article X, sec. 102 of chap. 544, requiring the pay-

ment of a filing fee is not properly before us, since there is no evidence in the record indicating that the city council or the zoning board refused to consider complainant's application for failure to pay such fee. There is therefore no merit in his contention that the mere enactment or existence of the zoning ordinance deprives him of all beneficial use of any of his property and thus violates his constitutional rights in so far as the ordinance applies to his property.

We will now consider more particularly the question whether, in a case such as this, a complainant is entitled to equitable relief by way of a declaratory decree before exhausting his available administrative remedies. The issue is one of first impression in this state. Implicit in the trial justice's decree is a finding that the presumption of validity of the ordinance in its general application had not been overcome by complainant's evidence. It is well settled that a zoning ordinance is presumed to be valid in the absence of patent defects. See *City of Providence* v. *Stephens,* 47 R. I. 387, 394. As we have already indicated, complainant is challenging the constitutionality of the ordinance only in so far as it applies to his property.

He bases his prayers for a declaratory decree upon the provisions of G. L. 1938, chap. 528, §19, now G. L. 1956, §9-14-23. That section provides: "No suit in equity shall be defeated on the ground that a mere declaratory decree is sought, but the court may make binding declarations of right in equity without granting consequential relief." In our opinion §19 does not apply to the facts of the instant case. His rights with respect to his property have not been affected by the mere enactment of the ordinance. In fact he has not asserted any rights with respect to such property by applying for a permit under a claim of right to use his property in any way inconsistent with the provisions of the ordinance in question. Nor has he sought relief under such ordinance by applying for a special exception or

a variance. As we have hereinbefore indicated, until he takes some such action and his request is denied, it cannot be said that an actual controversy exists between him and the city so as to entitle him to immediate relief by way of a declaratory decree under §19. See *Hanley* v. *Wetmore,* 15 R. I. 386. *West* v. *City of Wichita,* 118 Kan. 265.

The same reasoning applies to the question of injunctive relief in cases such as this. As was said in *Florentine* v. *Town of Darien,* 142 Conn. 415, at page 426: "* * * until the function of the board of appeals has been called into play, it cannot be said that the power to zone has been fully and finally exercised. * * * In this particular case, until the board of appeals has functioned as contemplated by the statute, it cannot be said that the plaintiffs have been finally denied the reasonable or proper use of their property." It is our opinion that in the circumstances of the case at bar where complainant has failed to pursue and exhaust his available administrative remedies he is not entitled to equitable relief. *Village of Euclid* v. *Ambler Realty Co.,* 272 U. S. 365, 395. The trial justice did not err therefore in refusing to pass upon the constitutionality of the ordinance as applied to complainant's property.

The question of jurisdiction of the subject matter of the bill of complaint is not in issue. On the basis of the allegations therein the superior court clearly had jurisdiction to hear the cause and determine the issues in accordance with the well-established principles of equity. The trial justice's refusal to grant equitable relief is based not upon lack of jurisdiction, but rather upon the well-established rule that the constitutionality of an ordinance will not be considered in a case such as this until the administrative remedies provided by the ordinance have been exhausted. See *Village of Euclid* v. *Ambler Realty Co., supra,* at page 386.

Therefore we are of the opinion that until the complainant has exhausted his available administrative remedies,

he cannot seek equitable relief by way of a declaratory decree or injunction on the ground of unconstitutionality of the zoning ordinance as it applies to his property. In the circumstances the question of such unconstitutionality is not before us in this proceeding. We have read the cases cited by the complainant in support of his appeal and find that they are not applicable to the facts here. We have also considered his other contentions, including those based on reasons of appeal numbered 9 and 10. In our opinion they lack merit and we do not deem it necessary to discuss them.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*J. Joseph Nugent, Francis D. Fox,* for complainant.

*William E. McCabe,* City Solicitor, *Harry Goldstein,* Assistant City Solicitor, for respondents.