DECISION
Before the Court is plaintiff's, Cumberland Farms, Inc.'s (CFI's), motion for summary judgment pursuant to R.C.P. 56. The issue presented to the Court is whether the use of the so-called "SUNOCO" station for gasoline sales was abandoned by either CFI or its predecessor in title as of November 2, 1988, the date of the inception of a lease between CFI and the Town of Bristol.
Facts/Travel
On April 16, 1964, CFI executed a lease with Eva and Anthony S. Thomas and Narragansett Food Service, Inc. for property located at 800 Hope Street, Bristol, Rhode Island. See Affidavit of Richard Longton. Narragansett Food Service, Inc. was subsequently acquired by CFI. Id. CFI entered into an option agreement with Oswald and Raymond A. Thomas to purchase the property at 800 Hope Street. Id. On February 23, 1988, CFI filed an application with the Rhode Island Coastal Resources Management Council (CRMC) to remove existing buildings, two gas tanks, and a gas island and replace them with new gas storage tanks and a new gas island. Id.
In 1988 Bristol declared its interest in purchasing the property at 800 Hope Street and subsequently entered into a Purchase and Sales Agreement with the Thomases for the property. See Affidavit of Richard Longton. On February 29, 1988, CFI filed an application with the building inspector for the Town of Bristol for a Flood Hazard Development Permit. Id. On July 22, 1988, CFI filed an action in this Court seeking among other things, to enjoin the transfer of property located at 800 Hope Street, Bristol, Rhode Island. .
On or about September 1, 1988, the Thomases, the Town, and CFI entered into a settlement agreement. Id. The terms of the settlement agreement provided that the deed to the property at 800 Hope Street be transferred to the Town, which simultaneously entered into a 35 year lease with CFI for the property. See
Plaintiff's Exhibit A. On November 2, 1988, the property was sold to the Town of Bristol, and a commercial real estate lease was executed between CFI and Bristol. See Plaintiff's Exhibit B.
On March 28, 1991, the Bristol Planning Board voted to deny CFI's application to construct a new building on the property at 800 Hope Street. See Plaintiff's Exhibit H, Planning Board Written Decision dated April 19, 1991. On April 29, 1991, CFI received a demand from the Town Administrator to comply with the terms of the agreement and demolish the building on the property.See Plaintiff's Exhibit J, Letter from Halsey C. Herreshoff, Town Administrator, dated April 29, 1991.
On May 14, 1991, at a properly advertised, scheduled hearing, the Bristol Zoning Board of Review heard some of the details concerning CFI's application to present plans concerning a gasoline filling and service station without major repairs as required by Section 22-9, Item 7 of the Bristol Zoning Code. 5/14/91 Record at 4. At that time a discussion arose regarding the applicability of Section 22-44, Development Standards in the Flood Plan Zone, of the Bristol Zoning Code. Id. at 5. It was the applicant's position that Section 22-44 did not apply because the Bristol Building Official represented to the applicant that Section 22-44 only applied if the storage tanks to be located in the flood plain zone were placed above ground, and since the applicant's storage tanks were placed below ground in a flood plain zone, Section 22-44 did not apply. Id. at 6-7. Consequently, one of the members of the Board made a motion to continue the application for one month in order to allow the Board adequate time to get an opinion from the Building Official regarding the storage of gasoline tanks in the flood plain. Id. at 11. The motion failed and as a result, that same member refused to participate further in the meeting, thus leaving the Board without a quorum. Id. at 12. The Board had no alternative but to continue the application until the following month. Id. The application was continued yet another month with a motion to ask the Town Administrator to mandate that the building official be at the next meeting. Id. at 15.
In June 1991, CFI decided to explore the possibility of amending the lease to allow the building on the property to be renovated. See Affidavit of Richard Longton. Consequently, on July 6, 1991, CFI requested that the hearing set for July 9, 1991 be continued in order for CFI to study how the structure on the property could be utilized for its purposes. Id.
On October 29, 1993, CFI filed suit against the Town of Bristol alleging the Town breached the terms of its settlement agreement. See Civil Case Coversheet 93-5999. The litigation proceeded until April of 1996, wherein the parties entered into an interim settlement agreement whereby both parties agreed to submit certain issues to this Court by way of a motion for summary judgment. See Plaintiff's Memorandum of Law at 3.
G.L. 1956 § 45-24-10 provides that "no ordinance enacted under the authority of this chapter shall prevent or be construed to prevent the continuance of the use of any building or improvement for any purpose to which the building or improvement is lawfully devoted at the time of the enactment of the ordinance." In addition, Section 22-33 of the Bristol Zoning Ordinance provides that "if a legal non-conforming use is discontinued for a period of one year, it shall not be allowed to be resumed and any future use of such building or land shall conform to the provisions of this chapter." However, before addressing the issue of abandonment, this Court must address the issue of exhaustion of administrative remedies.
The plaintiff is seeking a ruling on the Bristol Zoning Ordinance and Rhode Island General Laws concerning abandonment. Pursuant to § 45-24-69, an aggrieved party may appeal a decision of a zoning board by filing a complaint within twenty (20) days after said decision has been recorded and posted in the office of the city or town clerk. In the case at bar the Bristol Zoning Board of Review has not issued a final decision regarding the abandonment of the so-called "SUNOCO" gasoline service station; thus, this Court does not have a decision to review.
Bayview Towing, Inc. v. Stevenson, 676 A.2d 325 (R.I. 1996), involved a complaint that purported to constitute an administrative appeal from a final agency decision. In BayviewTowing, the hearing officer, after a hearing was concluded, failed formally to enter a final agency decision, thus rendering the plaintiffs subsequent appeal to Superior Court a "purported appeal." The Supreme Court held that the "Superior Court accordingly lacked subject matter jurisdiction to review a final agency decision that never existed." Id. at 328.
The instant matter concerns a hearing that had never concluded and had been continued for further hearing. Although under the Administrative Procedures Act, G.L. 1956 § 42-35-15
(a) any preliminary, procedural, or intermediate agency act or ruling is immediately reviewable in any case in which review of the final agency decision would not provide an adequate remedy, the Zoning Enabling Act, § 45-24-69 (A) does not provide jurisdiction for review under its provisions when the plaintiff believes that review of the final agency order would not provide an adequate remedy. Instead, §§ 45-24-69 and 45-24-63 both provide that the plaintiff may appeal a decision of the Zoning Board of Review to the Superior Court, which has jurisdiction to review that decision pursuant to the Zoning Enabling Act. What is available to a plaintiff who has exhausted all his or her administrative remedies in a zoning context is recourse and not necessarily entitlement to equitable relief via a declaratory decree or injunction. See Nardi v. City of Providence,89 R.I. 437, 440, 153 A.2d 136, 138 (1959). See also Hartunian et ux v.Matteson, 109 R.I. 509, 288 A.2d 485 (1972)
As this Court has no final decision of the Zoning Board before it to review, this Court lacks subject matter jurisdiction to rule on the issue of abandonment.
Counsel shall submit the appropriate judgment for entry.