DECISION
The plaintiff and defendants have filed a Joint Motion to Reconsider relative to this Court's decision of February 18, 1997 in the above-entitled case. This Court, lacking subject matter jurisdiction, denied the plaintiffs motion for summary judgment. Pursuant to R.C.P. 59, a Court may amend its previous decisions upon motion of either party. After review, this Court denies the plaintiff's and defendants' joint motion to reconsider its decision of February 18, 1997.
It is a well-established legal principle that parties may not confer subject matter jurisdiction on this Court by agreement or consent. McGann v. Board of Elections, 85 R.I. 223, 129 A.2d 341
(1957); see also Warwick School Committee v. Warwick Teachers'Union, 613 A.2d 1273 (R.I. 1992). It is also well-settled that a plaintiff aggrieved by an agency action must first exhaust his or her administrative remedies before bringing a claim before this Court. Burns v. Sundlun, 617 A.2d 174 (R.I. 1992). The plaintiff is seeking an interpretation of the Bristol Zoning Ordinance and Rhode Island General Laws concerning the issue of abandonment with respect to its property. Section 45-29-69 of the Rhode Island General Laws permits judicial review of any final decision by a zoning board, after hearing, in a contested case. Any party aggrieved by a decision may file his or her complaint seeking review of the zoning decision within twenty (20) days after a decision has been filed in the office of the city or town clerk. § 45-24-69(A), Nardi v. City of Providence, 89 R.I. 437, 440,153 A.2d 136, 138 (1959).
On May 14, 1991, at a properly advertised, scheduled hearing the Bristol Zoning Board of Review began to consider the submitted application for a gasoline filling and service station without major repairs pursuant to section 22-9, item 7 of the Bristol Zoning Code. 5/14/91 Record at 4. The Bristol Zoning Board of Review never issued its final decision regarding the abandonment of the so-called "SUNOCO" gasoline service station; thus this Court does not have a decision to review. See BayviewTowing, Inc. v. Stevenson, 676 A.2d 325, 328 (R.I. 1996).
Accordingly, this Court denies the parties' joint motion to reconsider its decision of February 18, 1997.
Counsel shall submit the appropriate judgment for entry.