Robert P. MOREY

v.

Ashbel T. WALL et al.

No. 2002–723–Appeal.

Supreme Court of Rhode Island.

June 10, 2004.

Robert P. Morey, pro se.

Michael B. Grant, Pawtucket, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## O P I N I O N

PER CURIAM.

In this case, we consider the effect of a reduction in prison sentence on the proper calculation of "good-time" credits under G.L.1956 § 42–56–24. The defendant, Department of Corrections (department), brings this appeal arguing that a Superior Court hearing justice erred when he ruled that the plaintiff, Robert P. Morey (Morey), was entitled to receive ten days of good-time credits for each month served of a ten-year sentence before the sentence was reduced to six years. For the reasons stated herein, we reverse the judgment of the Superior Court.

This case came before the Supreme Court for oral argument on March 8, 2004, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are·of the opinion that cause has not been shown and proceed to decide the appeal at this time.

Morey began serving a ten-year prison sentence in March 1996. Seventeen months later, he was released on bail pending appeal. Thereafter, Morey's sentence was reduced to six years and he returned to the Adult Correctional Institutions (ACI) in May 1999 to complete the sentence.

During the entire period of Morey's incarceration, Morey was awarded good-time credits pursuant to § 42–56–24. Section 42–56–24(a) provides that the director of corrections (director), in his discretion, may deduct

"from the term or terms of sentence of [a] prisoner the same number of days that there are years in the term of his or her sentence; provided, that when the sentence is for a longer term than ten (10) years, only ten (10) days shall be deducted for one month's good behavior; and provided, further, that in the case of sentences of at least six (6) months and less than one year, one day per month shall be deducted."

During the entire period of Morey's incarceration, the director clearly intended to award him the maximum amount of good-time credits permitted under § 42–56–24. The director awarded Morey ten days of good-time credit for each of the seventeen months he served before his sentence was reduced. When his sentence

was reduced to six years, however, the director recalculated the credits earned during that seventeen-month span and determined Morey's credits based on the shorter sentence, thereby reducing Morey's credits by sixty-eight days. Also, from that point forward, the director awarded Morey six days of good-time credit per month in accordance with § 42–56–24.

In March 2002, Morey filed a petition in Superior Court seeking a writ of mandamus to order the director to award him ten days of good-time credits for the seventeen months he served before his sentence was reduced. The department objected because the decision to award good-time credits is an act of discretion. Thus, Morey was not entitled to a writ of mandamus. *See P.J.C. Realty, Inc. v. Barry*, 811 A.2d 1202, 1205 (R.I.2002) (explaining that "a writ of mandamus is appropriate [only] when the duty to be enforced demands no special discretion, judgment or skill"). At a preliminary hearing, the hearing justice explained that a writ of mandamus was an inappropriate remedy. He indicated, however, that he could issue an injunction to stop an incorrect calculation of good-time credits.

On June 19, 2002, Morey was released from prison on parole. His case was heard nearly two months later, on August 9, 2002. At that hearing, the hearing justice reiterated his view that a writ of mandamus was inappropriate. Nevertheless, he opined that "[w]hile [Morey was] under the ten-year sentence he [was] entitled to the ten days. When [he was] under a six-year sentence [he was] entitled to six days." Accordingly, the hearing justice ordered that Morey receive ten days of good-time credit for the seventeen-month period before his sentence was reduced and directed Morey and counsel for the department to draft an appropriate order.

The order, which was signed by the hearing justice, indicated that the matter was heard on Morey's petition for a writ of mandamus, but did not specify how the hearing justice actually treated Morey's request.

■ On appeal, the department maintains its argument that Morey selected an improper procedural vehicle to challenge its calculation of good-time credits. According to the department, Morey should have challenged the calculation by bringing an application for post-conviction relief rather than by petitioning for a writ of mandamus.

"A writ of mandamus should issue only when (1) the party petitioning for such an extraordinary remedy has shown a clear legal right to obtain the relief sought by the writ; (2) the respondent(s) has a ministerial legal duty to perform the requested act without discretion to refuse; and (3) the petitioner possesses no adequate remedy at law." *Martone v. Johnston School Committee*, 824 A.2d 426, 429 (R.I.2003) (quoting *P.J.C. Realty, Inc.*, 811 A.2d at 1205).

■ We agree with the department that a writ of mandamus is an inappropriate remedy for an individual seeking recalculation of good-time credits. This Court expressly has held that such relief could be obtained through an application for post-conviction relief. *Gomes v. Wall*, 831 A.2d 817, 821–22 (R.I.2003).

Nevertheless, the record clearly reveals that the hearing justice did not grant a writ of mandamus. At the preliminary hearing, the hearing justice specifically said "[w]hatever the relief this court can give in this matter, it is not mandamus" and repeated this belief at the August 9 hearing. Based on the hearing justice's statements that he could grant injunctive relief in this matter, we will consider whether the hearing justice erred in modi-

fying the department's calculation by issuing an injunction.

■ We recently addressed a similar issue in *Gomes*. In that case, an ACI inmate petitioned for declaratory and injunctive relief to challenge the department's practice of disaggregating consecutive sentences to calculate good-time credits. *Gomes*, 831 A.2d at 818. It was undisputed in *Gomes* that the inmate was entitled to the maximum amount of credits permitted under law. *Id.* at 822. Therefore, although " 'issues regarding the computation of good-time credit should [typically] be filed as an application for post-conviction relief,' " *id.* at 821–22, we held that declaratory relief was available because the *Gomes* inmate sought only a proper interpretation of the formula required by § 42–56–24 rather than review of a discretionary aspect of the department's computation. *Gomes*, 831 A.2d at 822.

■ In this case, as in *Gomes*, it is clear that the director intended to award Morey the maximum amount of credits allowed under the law. Consequently, the discretionary aspect of the director's good-time credit calculation is not at issue. As we held in *Gomes*, when prison officials, "in the exercise of their discretion, have decided to grant the maximum amount of good-time credits to an inmate because he or she has earned such credits, they must do so in accordance with the statutory formula set out in § 42–56–24." *Gomes*, 831 A.2d at 822. Therefore, an application for post-conviction relief is not the only vehicle for correcting an improper calculation of an inmate's rights under that section. Because the issue in this case was *how*, rather than *whether*, the maximum amount of good-time credits should be calculated, we perceive no error in the hearing justice's decision to treat this case as a request for declaratory or injunctive relief.

■ The department also contends that issues concerning its calculation of Morey's good-time credits have become moot because Morey already had been released from its custody by the time the hearing justice entered the order. This Court has held that "a case is moot if * * * events occurring after [its] filing have deprived the litigant of a continuing stake in the controversy." *Associated Builders & Contractors of Rhode Island, Inc. v. City of Providence*, 754 A.2d 89, 90 (R.I.2000) (per curiam). The mootness doctrine ensures that the litigant's interest in the outcome continues to exist throughout the appellate process. *Cook v. Colgate University*, 992 F.2d 17, 19 (2nd Cir.1993). A case that otherwise is moot may be considered if the issues involved are likely to recur in such a way as to evade review and are of great public importance. *Fiore v. Town of South Kingstown*, 783 A.2d 944, 946 (R.I.2001).

Although Morey was not incarcerated when the hearing justice ordered the recalculation of his good-time credits, Morey was on parole. Because a parole violation could result in Morey's return to the ACI to complete the remainder of his sentence, G.L.1956 § 13–8–19(a), he retains an interest in the method by which the director deducts time from his term of sentence under § 42–56–24. Even upon the completion of Morey's parole and the commencement of his probation, the proper calculation of his sentence could be relevant for determining the punishment for a probation violation. *See Colegrove v. Burns*, 175 Ohio St. 437, 195 N.E.2d 811; 812 (1964) (per curiam) ("The penalty for a probation violation is not the imposition of a separate sentence, it is a revocation of the probation and the imposition of the sentence on the judgment of conviction."). It would not comport with our notions of justice to deprive an individual of knowing

the potential penalty for a probation violation. Therefore, we are of the opinion that Morey has a continuing stake in the outcome of this appeal.

 Finally, we consider how a sentence reduction affects the proper calculation of the maximum good-time credits provided for under § 42–56–24. Morey argues, and the hearing justice concluded, that an inmate is entitled to keep all the good-time credits earned based on a longer prison sentence that later is reduced. The department counters that, because a sentence reduction is retroactive to the initial sentencing, § 42–56–24 requires that good-time credits be recalculated based on the assumption that the inmate was serving the shorter sentence.

We agree with the department. When Morey succeeded in having his sentence reduced to six years, the ten-year sentence became a nullity. Upon sentence reduction, the six-year sentence was effectively a *nunc pro tunc* judgment. Therefore, for all intents and purposes, Morey was to serve a six-year sentence. Section 42–56–24 allows for an award of good-time credits to be based upon the term of the sentence. To reward an inmate based on a sentence length that never was actually served runs counter to the plain language of § 42–56–24. We hold, therefore, that § 42–56–24 requires the recalculation of good-time credits to be commensurate with a reduced prison sentence. The department's records shall reflect that Morey earned and was entitled to six days of good-time credit for each of the months he was incarcerated.[1]

## Conclusion

For the reasons stated herein, the judgment of the Superior Court is reversed. The record shall be remanded to Superior Court.

---

1. At oral argument and in a post-hearing memorandum, Morey raised concerns over whether the department properly awarded him two days of credit per month for engaging in "institutional industries." G.L.1956 § 42–56–24(e). A department data sheet that Morey provided to this Court indicates that Morey had accumulated no credit for "industrial days frozen." Because Morey did not properly raise this issue in Superior Court and the record does not clearly indicate whether Morey was entitled to such credit, we will not order that figure to be recalculated. We do, however, urge the department to check its records to be sure that Morey's data sheet accurately reflects all of his credits.