SCHOOL COMMITTEE OF the TOWN
OF JOHNSTON et al.

v.

William F. SANTILLI et al.

No. 2005–154–Appeal.

Supreme Court of Rhode Island.

Jan. 12, 2007.

Stephen M. Robinson, Vicki M. Bejma, Providence.

John M. Verdecchia, Providence.

ORDER

The mayor, finance director, and town council members of the Town of Johnston (defendants or town) appealed from a Superior Court judgment awarding $2,346,061 in additional financing for the 2004–2005 school year to the School Committee of the Town of Johnston and Margaret Iacovelli, in her capacity as superintendent of schools (school committee or plaintiffs). This case was assigned to the continuous argument calendar and was scheduled to be heard on October 30, 2006. Before that date, however, the plaintiffs filed a motion to dismiss the defendants' appeal on the ground that the case had become moot. We vacated the previously scheduled hearing date and ordered the parties to appear before us to show cause why the plaintiffs' motion to dismiss this appeal should not summarily be decided. After hearing the arguments and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown. For the reasons set forth in this order, we grant the plaintiffs' motion to dismiss the appeal.

This case commenced when plaintiffs filed suit against defendants under G.L. 1956 § 16–2–21.4, commonly referred to as the Caruolo Act. To fall within the purview of the Caruolo Act, a school committee seeking additional financing from its city or town council must satisfy certain prerequisites before bringing an action in the Superior Court.[1] *See* § 16–2–21.4. To succeed in such an action, a school committee must demonstrate that it lacks the ability to run its schools adequately with a balanced budget within the previously authorized appropriation. *See id.*

After purportedly satisfying the statutory conditions, plaintiffs filed a complaint in Superior Court seeking an additional appropriation from the town, which plaintiffs said was necessary to operate Johnston schools for the 2004–2005 school year and also to reduce its cumulative deficit, as required by § 16–2–9. The parties proceeded to trial, after which the trial justice awarded the school committee an additional appropriation of $2,346,061 for the 2004–2005 school year. Final judgment was entered on April 29, 2005, from which defendants timely appealed. On June 1, 2005, this Court issued a stay of the Superior Court judgment and directed the parties to engage in mediation. When attempts to mediate failed, the case was

1. The first prerequisite is that the school committee must adhere to the budget that the town has appropriated. G.L. 1956 § 16–2–21.4. Second, the school committee is required to petition the commissioner of education in writing to seek alternatives and/or waivers to state regulations that would allow the school committee to operate with a balanced budget. *Id.* Third, if the commissioner denies the requested alternatives and/or requests for waivers, the school committee may request that the city council reconsider whether to increase the appropriation for schools to meet expenditures. *Id.* If the efforts outlined above fail to conform to the school budget or fail to increase the appropriation sought by the school committee, the committee may file an action in the Superior Court. *Id.*

scheduled for full briefing before this Court.

On appeal, defendants argued that the Superior Court lacked jurisdiction under § 16–2–21.4 because the school committee failed to comply with the conditions precedent set forth in the statute.[2] Further, defendants contended that the school committee failed to prove, by a preponderance of the evidence, that the additional appropriation sought was the minimum needed to adhere to state and federal law, the Basic Education Program, and collective bargaining agreements.

The school committee now asserts that there no longer is a live controversy between the parties because the town effectively satisfied the Superior Court judgment by honoring all the school committee's invoices for the 2004–2005 school year.[3] The committee highlights that the town paid these invoices in full (the amount paid reportedly exceeded the amount of judgment), despite the fact that the town had obtained a stay and was under no obligation to provide any additional money to the committee. Moreover, the school committee contends that when the town increased the school committee's budget by approximately $2.3 million for both the 2005–2006 and 2006–2007 school years, it fulfilled the maintenance of effort obligations specified by G.L. 1956 § 16–7–23(a), which requires that "[e]ach community shall contribute local funds to its school committee in an amount not less than its local contribution for schools in the previous fiscal year."

The town, on the other hand, insists that § 16–7–23 compelled it to include the amount of judgment in every succeeding school-year budget because the judgment increased the town's obligation to the schools. The town argues, therefore, that if this Court were to vacate, reduce or modify the Superior Court judgment, the town would be entitled to a credit under § 16–7–23 to apply against future maintenance of effort obligations. The language the town relies on in § 16–7–23 says, in part: "a community which experiences a nonrecurring expenditure for its schools may deduct the nonrecurring expenditure in computing its maintenance of effort." As such, the town maintains that the controversy has not been rendered moot because the town stands to benefit if it prevails on appeal.

We consistently have held that, "a case is moot if the original complaint raised a justiciable controversy, but events occurring after the filing have deprived the litigant of a continuing stake in the controversy." *In re New England Gas Co.*, 842 A.2d 545, 553 (R.I.2004) (quoting *Cicilline v. Almond,* 809 A.2d 1101, 1105 (R.I.2002)). "A case is moot, therefore, when a party no longer 'has a legally cognizable interest in the outcome of [the] litigation,' * * * and a judgment, if rendered, would have no practical legal effect upon the existing controversy." *In re Island Hi–Speed Ferry, LLC,* 852 A.2d 524, 531 (R.I.2004) (quoting *Malinou v. Powers,* 114 R.I. 399, 403, 333 A.2d 420, 422 (1975)).

In light of the events that have occurred since the time judgment was entered, we are of the opinion that there no longer is a viable controversy before this Court. The defendants, in essence, satisfied the judgment by paying all the invoices for the

**2.** The town first raised this jurisdictional argument in a motion to dismiss submitted to the Superior Court before trial commenced. The trial justice denied this motion without prejudice, and the town renewed this motion at the end of both plaintiffs' and its own case.

**3.** The town does not dispute that it paid all the invoices for the 2004–2005 school year.

2004–2005 school year.[4] By its very terms, the scope of any court order entered under the Caruolo Act is limited to one year: "In no event shall any court order obtained by the school committee have force and effect for any period longer than the fiscal year for which the litigation is brought." Section 16–2–21.4(b). Moreover, notwithstanding the stay ordered by this Court, the town included the increased expenditures in establishing the school budgets for the 2005–2006 and 2006–2007 school years. Significantly, the budget for the 2005–2006 school year also was subject to an action filed in Superior Court under the Caruolo Act, in which a consent order was entered on October 2, 2006, under which the "Town Council of the Town of Johnston shall cause an additional appropriation of $1,627,385.00 to be made to the Johnston School Department's budget for the 2005–2006 school year." We are well satisfied that the events that have transpired subsequent to the entry of judgment in this action concerning the 2004–2005 school budget have rendered this appeal moot.

The defendants also contend that, even if their appeal is deemed to be moot, the case presents issues of such public importance that the Court should decide it anyway. The defendants correctly point out that this Court "will review an otherwise moot case when the issues raised are of extreme public importance and likely to recur in such a way as to evade judicial review." *Foster–Glocester Regional School Committee v. Board of Review, Department of Labor and Training*, 854 A.2d 1008, 1013 (R.I.2004) (citing *In re New England Gas Co.*, 842 A.2d at 554). We certainly recognize the significance of the school budget to the schoolchildren and taxpayers of Johnston alike, as well as to all the parties. We also are cognizant of the grave financial challenges facing the town. Nevertheless, it is our conclusion that the issues as framed in this appeal are not of such extreme importance as to warrant our review of what no longer is a live controversy. Further, the procedural issues raised by the defendants largely depend upon unique factual circumstances that are not likely to recur in such a way as to evade judicial review.

For the reasons stated, we grant the plaintiffs' motion to dismiss. The record in this case shall be remanded to the Superior Court.

4. Counsel for the school committee represented to this Court at oral argument that the school committee would not seek to enforce the judgment of the Superior Court if we dismiss defendants' appeal on mootness grounds. Counsel indicated that no additional enforcement is necessary because the town already has paid the invoices that were subject to the original judgment.