### STATE

v.

### Christopher J. **GAYLOR.**

### No. 2008–187–C.A.

Supreme Court of Rhode Island.

June 5, 2009.

---

Christopher R. Bush, Department of Attorney General, for Plaintiff.

C. Daniel Schrock, Esq., for Defendant.

Present: GOLDBERG, Acting C.J., FLAHERTY, SUTTELL, ROBINSON, JJ., and WILLIAMS, C.J. (ret.).

## OPINION

Justice ROBINSON for the Court.

The defendant, Christopher J. Gaylor, appeals from a May 16, 2008 Superior Court order denying a motion whereby he sought credit for time served while awaiting trial. The defendant filed a timely notice of appeal.

This case came before the Supreme Court on February 3, 2009 pursuant to an order directing the parties to appear and show cause as to why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the record and the memoranda filed by the parties, we are of the opinion that cause has not been shown.

## Facts and Travel

On November 2, 2005, defendant was convicted of second-degree sexual assault following a jury trial in the Superior Court for Providence County. In January of 2006, the trial justice sentenced defendant to seven years imprisonment, with one year to serve and six years suspended, with probation. The defendant's probationary period is set to expire on January 12, 2012. The judgment of conviction and commitment, dated January 26, 2006, indicates that Mr. Gaylor was to be given credit for the 404 days that he had served while awaiting trial and sentencing. Due to the fact that, by the time he was sentenced, Mr. Gaylor had already served one year (and more), he was released from prison.

Thereafter, on May 22, 2007, defendant was presented to the Superior Court as a violator of his probation for failing to have properly registered his address as required by the Sexual Offender Registration and Community Notification Act. *See* G.L. 1956 § 11–37.1–3. On October 1, 2007, he was adjudged a violator of the terms of his probation, and he was ordered to serve eighteen months of the suspended sentence of six years that had been imposed as a consequence of his conviction in November of 2005.

On May 2, 2008, defendant filed a motion in the Superior Court seeking a ruling (1) that he should receive credit for the thirty-nine "excess days"[1] that he spent in prison awaiting trial on the underlying sexual assault charge and (2) that this credit be applied to his eighteen-month probation violation sentence. A hearing was held on May 13, 2008, at which time defendant's just-summarized motion was denied. In the course of denying defendant's motion, the hearing magistrate stated that "neither the Department [of Corrections] or the court allows banking of time."

The defendant filed a timely notice of appeal on May 21, 2008.[2] On appeal, defendant asserts (1) that his appeal is not moot due to the fact that he remains on probation until January 12, 2012 and that, therefore, he could again be presented as a probation violator and face an additional term of imprisonment; and (2) that he should be credited with the thirty-nine "excess days" that he had served while awaiting trial and sentencing and that said period of time should be preserved for him to have recourse to, if necessary, during the balance of his probationary period.

## Standard of Review

It is well settled in this jurisdiction that, as a general rule, a necessary predicate to a court's exercise of its jurisdiction is an actual justiciable controversy. This Court will not ordinarily[3] entertain an abstract question or render an advisory opinion. *Sullivan v. Chafee*, 703 A.2d 748,

1. The thirty-nine days represent the difference between the 365–day sentence imposed in January of 2006 and the 404 days during which defendant was actually incarcerated prior to the conclusion of his trial and while awaiting his sentencing. In this opinion, we shall refer to those thirty-nine days as "excess days."

2. At a prebriefing conference with this Court in November of 2008, the parties indicated that Mr. Gaylor was no longer incarcerated. Accordingly, the Court requested that, in addition to the substantive arguments raised on appeal, the parties address the issue of whether or not Mr. Gaylor's appeal has become moot due to the fact that he has been released from prison.

3. Of course, pursuant to express constitutional provisions, this Court is authorized to render advisory opinions to the Governor, the Senate, or the House of Representatives under certain specified conditions. *See* R.I. Const. art. 10, sec. 3.

751 (R.I.1997). As a general rule, this Court will "only consider cases involving issues in dispute; we shall not address moot, abstract, academic, or hypothetical questions." *Morris v. D'Amario*, 416 A.2d 137, 139 (R.I.1980).

■ If the Court's decision with respect to a particular matter "would fail to have a practical effect on the existing controversy, the question is moot, and we will not render an opinion on the matter." *City of Cranston v. Rhode Island Laborers' District Council, Local 1033*, 960 A.2d 529, 533 (R.I.2008); *see In re Westerly Hospital*, 963 A.2d 636, 638 (R.I.2009) (mem.); *see also Morris*, 416 A.2d at 139. In addition, we are mindful of the fact that this Court has consistently held that a case is moot even "if it raised a justiciable controversy at the time the complaint was filed, but events occurring after the filing have deprived the litigant of an ongoing stake in the controversy." *Seibert v. Clark*, 619 A.2d 1108, 1110 (R.I.1993); *see also School Committee of Johnston v. Santilli*, 912 A.2d 941, 942 (R.I.2007) (mem.).[4]

### Analysis

■ In the case of *Morey v. Wall*, 849 A.2d 621 (R.I.2004) (mem.), this Court was confronted with an issue that is similar to the one raised in the instant appeal. In that case, this Court was asked to determine whether or not issues concerning the calculation of good time credits become moot if the petitioner was no longer incarcerated. *Id.* at 624. This Court held that Mr. Morey's appeal was not moot because (1) he was still on parole and (2) a violation of that parole could result in his further incarceration. *Id.* We held that Mr. Morey retained "an interest in the method by which the director deducts time from his term of sentence * * *." *Id.* This Court also held that, upon completion of his parole and commencement of his probation, Mr. Morey would still retain that same interest because "the proper calculation of his sentence could be relevant for determining the punishment for a probation violation." *Id.* In conclusion, this Court held that "[i]t would not comport with our notions of justice to deprive an individual of knowing the potential penalty for a probation violation." *Id.* at 624–25.

Perceiving no sound reason to depart from the principles set forth in *Morey*, and being mindful of the concept of *stare decisis*, we are of the opinion that Mr. Gaylor has a continuing stake in the issue implicated by this appeal. Although he has been released from prison, he remains on probation until January 12, 2012. Whether or not he is entitled to credit for the thirty-nine "excess days" served could affect the potential penalty that he might receive for any subsequent violations of his probation. Accordingly, in our judgment, his appeal is not moot.

■ Nevertheless, although it is our judgment that this appeal is not moot, we decline to reach the heart of the substantive question that it implicates (*viz.*, whether or not Mr. Gaylor is entitled to a credit for the thirty-nine "excess days") because the issue is not ripe for our review. As a general rule, a claim is not ripe for adjudication if it rests upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580–81, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985) (quoting 13A Charles A. Wright, Arthur R. Miller &

---

4. Although the exception has no applicability in the context of the instant case, it is true that we do recognize a narrow exception to the mootness doctrine for cases involving "questions of extreme public interest which are capable of repetition but somehow evade review." *Mello v. Superior Court*, 117 R.I. 578, 581, 370 A.2d 1262, 1263 (1977).

Edward H. Cooper, *Federal Practice and Procedure* § 3532 at 112 (1984)); *see also Texas v. United States,* 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998).

Mr. Gaylor is no longer incarcerated, and it is unknown whether or not he will, at some future time, again be adjudged a violator of his probation. Although Mr. Gaylor makes an intellectually tantalizing and certainly non-frivolous argument that, should he in the future be adjudged a violator of his probation then the thirty-nine "excess days" should be applied to reduce his sentence, until such a circumstance occurs this issue is not ripe for our review. *See, e.g., State v. Holmes,* 108 R.I. 579, 277 A.2d 914 (1971).

For the foregoing reasons we affirm the judgment of the Superior Court. The record may be remanded to the Superior Court.