Supreme Court
No. 2024-347-C.A.
(K2/16-637A)

State                              :

v.                               :

Brian Smith.                      :

**O R D E R**

This case came before the Supreme Court on appeal by the defendant, Brian Smith (defendant or Smith), from a Superior Court order denying his request for declaratory and injunctive relief filed in the context of an ongoing criminal proceeding, in which the defendant had entered a plea of nolo contendere to two counts of second-degree child molestation.  Having reviewed the parties' arguments, we conclude that cause has not been shown and proceed to decide the appeal at this time.  We affirm.  The facts underlying Smith's conviction are set forth more fully in *Rhode Island Department of Attorney General v. Smith*, 330 A.3d 38 (R.I. 2025).

On February 10, 2015, defendant was charged by way of criminal information, N2/15-45A (the Newport case)—alleging one count of simple assault and one count of second-degree child molestation arising from an incident that occurred on or about July 19, 2014. *See Smith*, 330 A.3d at 42.  "After a jury trial,

- 1 -

on April 4, 2016, Smith was found guilty of the lesser-included offense of simple assault and the second count of simple assault." *Id.* "Smith was sentenced to serve two years at the Adult Correctional Institutions." *Id.*

During the pendency of Smith's Newport case, however, "on November 2, 2015, an additional charge of second-degree child molestation was brought against [Smith] by way of criminal information, P2/15-3448A (the Providence case), after [his] niece came forward and alleged that he had sexually assaulted her in 2004, when she was nine years old." *Smith*, 330 A.3d at 42. In the Providence case, "[defendant] entered a plea of nolo contendere to one count of second-degree child molestation and [he] was sentenced to ten years at the ACI with two years to serve, eight years suspended, and ten years' probation."[1] *Id.*

Approximately one year later, on November 17, 2016, defendant was charged with four counts of second-degree child molestation in the underlying case, K2/16-637A (the Kent case). The defendant pled nolo contendere to two of the four second-degree child molestation charges in Kent County Superior Court on

---

[1] Pursuant to the Sexual Offender Registration and Community Notification Act, defendant's plea in the Providence case, P2/15-3448A, "triggered Smith's case for the board's determination of [his] risk to reoffend." *Rhode Island Department of Attorney General v. Smith*, 330 A.3d 38, 42, 43 (R.I. 2025).

December 14, 2017.[2]  A judgment of conviction in the Kent case entered on April 21, 2021.

On or about November 29, 2017, before defendant entered a plea in the Kent case, the "[Sex Offender Board of Review] classified Smith as a level III sex offender and determined that his risk to reoffend was 'HIGH,'" in accordance with the provisions of the Sexual Offender Registration and Community Notification Act, G.L. 1956 chapter 37.1 of title 11.  *Smith*, 330 A.3d at 43.  "While imprisoned at the ACI, Smith received written notice detailing the board's proposed sex-offender classification [and] the conditions concerning a level III classification * * *." *Id.*  Smith challenged the board's level III classification, and the state moved to affirm the board's decision. *Id.*

Meanwhile, during Smith's period of incarceration, he filed a "Motion for Declaratory Judgment & Request for Injunctive Relief" in the Kent case, challenging the calculations of his good-time and meritorious service credit on sentences from previous convictions.  This motion was not filed as a separate *civil* proceeding, but in the context of a pending criminal case.  It is undisputed that Smith was released from incarceration in November 2021.

---

[2] The two remaining second-degree child molestation charges were dismissed pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure. Super. R. Crim. P. 48(a).

A hearing was held on June 28, 2023, before a justice of the Superior Court. The defendant raised three issues: (1) "[W]hich enactment of [G.L. 1956 § 42-56-26] shall apply for the determination of [his] meritorious service credit throughout [his] term of incarceration?"; (2) "Whether or not the Department of Corrections is within its authority to deny meritorious service credit otherwise earned during the last 60 days of [his] term of incarceration"; and (3) "[W]hether or not * * * participation in programs which earn meritorious service credit can be capriciously terminated without cause." The state argued that the matter was moot because defendant had not been incarcerated since November 2021—approximately one year and seven months before the hearing in June 2023.

The trial justice issued a bench decision on September 6, 2024, finding that "Mr. Smith is now out of jail and remains on probation until 2027. * * * [T]he [d]efendant's motion is improperly before the [c]ourt as it was filed in the * * * criminal case [K2/16-637A] and should have been initiated in a separate civil proceeding." Accordingly, the trial justice denied and dismissed defendant's motion for declaratory relief without prejudice to his filing of an appropriate civil action. The trial justice further determined that, even if properly before the court, "[d]efendant's claim is not ripe for decision because he is out of prison and still on probation."

Before this Court, defendant asserts that the trial justice erred in "denying and dismissing the motion based upon a procedural defect which had no practical impact" and that, his claim was, in fact, ripe for decision. Specifically, he contends that his termination from a program deprived him of additional credit; that the ACI's policy to deny service credit for the final sixty days of a sex-offender's sentence was improper; and that the disaggregation of his sentence for the calculation of good-time credits was contrary to law. Lastly, in defendant's supplemental briefing, Smith further asserts that the trial justice "violate[d] his fundamental right to a remedy for harm caused, as explicitly mandated in the Rhode Island State Constitution, Article I, Section 5 and also violate[d] the statutory right to such a remedy as promulgated by the [Rhode Island] General Assembly and codified at [G.L. 1956 §] 9-30-2."

The state refutes several of defendant's arguments and, notably, objects on mootness grounds. The state submits that the trial justice appropriately denied defendant's motion because defendant completed the term he was sentenced to serve in the Kent case and the matter became moot. For the reasons that follow, we affirm the trial justice's denial of defendant's motion on two grounds: the claim was not made in an appropriate civil action and the issues raised are not ripe for review.

First, Smith's motion for declaratory judgment was improperly filed under the Kent criminal case, K2/16-637A. "The purpose of Rule 57 [of the Superior Court Rules of Civil Procedure] is to make it clear that actions for declaratory relief pursuant to [§ 9-30-1] are to be conducted as other *civil* actions under the rules." *See* Robert B. Kent et al., *Rhode Island Civil Procedure* § 57:1 (April 2025 Update) (emphasis added). Therefore, we conclude that Smith improperly filed a civil motion under a criminal case, and that for the reasons stated *infra*, such motion is not ripe for our review.

Second, it is well settled that "as a general rule, a necessary predicate to a court's exercise of its jurisdiction is an actual justiciable controversy." *State v. Gaylor*, 971 A.2d 611, 613 (R.I. 2009); *see also Perron v. Treasurer of City of Woonsocket*, 121 R.I. 781, 786, 403 A.2d 252, 255 (1979) ("[A]ny individual seeking declaratory relief must present the court with a viable controversy."). "This Court will not ordinarily entertain an abstract question or render an advisory opinion." *Gaylor*, 971 A.2d at 613. "We have 'long recognized the need, apart from certain exceptional circumstances, to confine judicial review only to those cases that present a ripe case or controversy.'" *Riley v. Narragansett Pension Board*, 275 A.3d 545, 556 (R.I. 2022) (deletion omitted) (quoting *City of Cranston v. Rhode Island Laborers' District Council, Local 1033*, 960 A.2d 529, 533 (R.I. 2008)). "[A] claim is not ripe for adjudication if it rests upon contingent future events that

may not occur as anticipated, or indeed may not occur at all." *Id.* (quoting *Gaylor*, 971 A.2d at 614).

Here, the defendant was released from the ACI in November 2021. The parties appeared before the trial justice in June 2023, at which time the defendant was no longer incarcerated. After having considered the parties' arguments and review of the record, we are of the opinion that the defendant's claims are not ripe for our review. The defendant is no longer incarcerated and, therefore, is not subject to a reduced period of incarceration based on his claimed meritorious service or good-time credit. However, because the defendant continues to serve his probationary sentence until 2027, we deem his claims not ripe for review rather than moot. Were the defendant to violate the terms and conditions of probation, and return to the ACI, a claim for meritorious service and good-time credit may be brought in an appropriate proceeding. *See Riley*, 275 A.3d at 556.

For the reasons stated herein, we affirm the order of the Superior Court. The papers may be remanded to the Superior Court.

Entered as an Order of this Court this 12th day of February, 2026.

By Order,

/s/ Meredith A. Benoit

Clerk

- 7 -